IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Gregory Deeck<br>        Debtor | CHAPTER 13 |
| SINGER FINANCIAL CORP.<br>        Moving Party<br>vs. | NO. 10-10562 JF |
| Gregory Deeck<br>        Debtor | |
| William C. Miller Esq.<br>        Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. Beginning February 15, 2010 and continuing through the life of the bankruptcy, Debtor shall pay the present regular monthly payment of $2,570.00 on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), at the address below:

Singer Financial Corp.
1708 Locust Street
Philadelphia, PA 19103

    a). Payments made will be credited according to the note, or if the Debtor is successful in the pending adversary action, the payments will be applied to the amount of the allowed secured claim.

    b). Debtor is responsible for paying taxes and insurance on the mortgaged premises.

2. Should debtor provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

3. In the event the payments under Section 1 above are not tendered pursuant to the terms of this stipulation, the Moving Party shall notify Debtor and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, the Moving Party may file a

Certification of Default with the Court and the Court shall enter an Order granting the Moving Party relief from the automatic stay.

4. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

5. If the case is converted to Chapter 7, the Moving Party shall file a Certification of Default with the court and the court shall enter an order granting the Moving party relief from the automatic stay.

6. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7. The provisions of this stipulation do not constitute a waiver by the Moving Party of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

8. The parties agree that a facsimile signature shall be considered an original signature.

Date: July 28, 2010

/s/ Leslie E. Puida, Esquire
Gary E. McCafferty, Esquire
Leslie E. Puida, Esquire
Ann Swartz, Esquire
Attorneys for Movant
Goldbeck McCafferty & McKeever
Main Number: (215) 627-1322

Date: _____

John G. Gray Esq.
Attorney for Debtor

Approved by the Court this ____ day of _____, 2010. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Jean K. Fitzsimon